HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
KARA OTTERVANGER, CA Bar #354424
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
JOHN VIRGIL ROUSH

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOHN VIRGIL ROUSH,<br>Defendant. | Case No. 1:26-cr-00033-KES-EPG<br><br>**STIPULATION AND ORDER TO WAIVE PRESENTENCE INVESTIGATION INTERVIEW** |

IT IS HEREBY STIPULATED by and between Eric Grant, Acting United States Attorney, and Brendan Daley, Assistant U.S. Attorney, and counsel for defendant John Roush, Assistant Federal Defender Kara R. Ottervanger, that a full presentence investigation interview with U.S. Probation is not necessary in this matter and that the Court may permit Probation to prepare its presentence investigation report ("PSR") without an interview.

**Background**

On March 5, 2026, Mr. Roush was charged by indictment with one count of violating 18 U.S.C. § 39A – Aiming a Laser Pointer at an Aircraft. ECF # 1. On September 21, 2026, Mr. Roush pled guilty pursuant to a plea agreement. ECF # 22. This Court accepted his plea and referred the case to probation for the preparation of a presentence investigation report. *Id*.

/ /

Pursuant to the plea agreement, the government agrees not to argue "for or in support of the base offense level under § 2A5.2(a)(2)" and to "recommend that the defendant be sentenced to time served." ECF # 18 at 4. The plea agreement also states that the government "will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1" *Id*. The plea agreement states that such acceptance "includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer," as well as and not engaging in conduct that constitutes obstruction of justice in the preparation of the pre-sentence report. *Id*.

**The Parties' Request**

The parties have conferred and now hereby stipulate that Mr. Roush has demonstrated acceptance of responsibility for his actions arising from the factual basis as accepted by this Court. Given Mr. Roush's swift acceptance of responsibility, the straightforward and uncontested nature of the guidelines calculation, the time-served recommendation from the government, and Mr. Roush's extremely minimal and dated criminal history, the parties further agree and stipulate that a presentence investigation interview is not necessary and is waived.

The parties believe the presentence interview is not necessary for probation to complete the relevant portions of the PSR, including a criminal history background and guidelines calculation. The parties agree that Mr. Roush will complete the Modified Worksheet for Presentence Report and provide same to Probation for its use in preparing the PSR and that this will constitute full acceptance of responsibility within the meaning of the plea agreement and pursuant to U.S.S.G. § 3E1.1.

The parties believe this will also conserve Probation's limited resources while still providing this Court with the necessary information to make its sentencing determination. Probation does not object to this request.

/ /

/ /

Respectfully submitted,

Dated: October 6, 2026

ERIC GRANT
Acting United States Attorney

By *_/s/ Brendan Daly_*
BRENDAN DALY
Assistant United States Attorney

and

HEATHER E. WILLIAMS
Federal Defender

Dated: October 6, 2026

*_/s/ Kara R. Ottervanger_*
KARA R. OTTERVANGER
Assistant Federal Defender
Attorney for JOHN ROUSH

**FINDINGS AND ORDER**

IT IS SO ORDERED that a Pre-Sentence Investigation Interview is not necessary for Probation to prepare a Pre-Sentence Investigation Report in this case given the stipulated facts above and in the parties' plea agreement.

The Court hereby directs Defendant to complete the Modified Worksheet for Presentence Report and provide it to the assigned U.S. Probation Officer no later than November 5, 2026.

The Court further directs Probation to prepare the Pre-Sentence Investigation Report without requiring a Pre-Sentence Investigation Interview with Mr. Roush.

The Court will still consider Mr. Roush to have accepted responsibility for his actions within the meaning of U.S.S.G. § 3E1.1.

IT IS SO ORDERED.

Dated: October 7, 2026

UNITED STATES DISTRICT JUDGE